UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DARQUARION HENDERSON,

        Petitioner,                Case No. 1:25-cv-1693

v.                                    Honorable Robert J. Jonker

CHRIS KING,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way

of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

### I. Factual Allegations

Petitioner Darquarion Henderson is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. Petitioner pleaded guilty in the Kalamazoo County Circuit Court to delivery or manufacture of less than 50 grams of crack cocaine. On January 25, 2016, the court sentenced Petitioner to a prison term of 1 to 20 years.

On December 4, 2025, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on December 4, 2025. (Pet., ECF No. 1, PageID.15.)

### II. Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>  (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.   One Year from Final Judgment

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not appeal the judgment of conviction. (Pet'r's Br., ECF No. 2, PageID.27, 30.)

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

3

Under Michigan law, a party who has entered a guilty plea cannot appeal as of right to the Michigan Court of Appeals and instead must seek leave to appeal. See Mich. Ct. Rule 7.203(A)(1)(b). A criminal defendant may apply for leave to appeal a final judgment within the later of six months after entry of the judgment or 42 days after entry of: (1) an order appointing appellate counsel, (2) the filing of transcripts; (3) an order deciding a timely motion to withdraw plea, motion for directed verdict, motion to correct invalid sentence, or motion for a new trial; or (4) an order regarding a timely motion for reconsideration of one of those four motions. See Mich. Ct. Rule. 7.205(A)(2). Here, Petitioner does not provide any indication that the 42-day period would apply. Thus, Petitioner's judgment of conviction became final six months after sentence was imposed on January 25, 2016: on Monday, July 25, 2016. Petitioner had one year from that date, until Tuesday, July 25, 2017, to file his habeas application. Petitioner did not file his Section 2254 petition until December 4, 2025. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.[1]

**B.     Statutory Tolling**

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[1] The petition does not implicate any of the other events that might trigger the running of the period of limitation. Petitioner does not allege that the state unlawfully impeded his filing of the petition. He does not suggest that his claims depend on a new retroactively applicable constitutional right recognized by the Supreme Court. Nor does Petitioner assert that the factual predicate of his claims could not have been discovered earlier through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D).

Here, Petitioner represents that the first post-conviction application he filed was a state motion for relief from judgment; he reports that he filed that application on January 5, 2025. (Pet., ECF No. 1, PageID.3.) Even presuming that Petitioner's motion was a "properly filed application for State post-conviction or other collateral view" that served to statutorily toll the limitations period, Petitioner filed that motion, well after the one-year limitations period for purposes of the AEDPA had expired on July 25, 2017. Thus, Petitioner's motion did not serve to "revive" the one-year AEDPA limitations period; the statutory tolling provision does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id*.

Accordingly, it does not appear that Petitioner is entitled to statutory tolling since the one-year limitations period had already expired when he sought post-conviction relief in the trial court and the Michigan appellate courts.

### C.     Equitable Tolling

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, it does not appear that Petitioner is entitled to equitable tolling of the statute of limitations.

### D. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner claims that he is actually innocent of the crime for which he was convicted because the crack cocaine he possessed was for his own use, not delivery to others. (Pet'r's Br., ECF No. 2, PageID.32–41.) Petitioner bolsters his claim with an affidavit explaining

his long-term use of the drug. (ECF No. 2-1, PageID.61–62.) Petitioner also explains that, at the time he was caught with the drugs at issue here, he was on release from jail for a "prior drug offense." (*Id.*, PageID.61.) Petitioner claims that he held such a significant quantity[2] because he "didn't want to risk being captured by law enforcers by constantly going outside to purchase [his] drugs." (*Id.*) Petitioner's present representations, made nearly 10 years after his plea, cannot be reconciled with his sworn acknowledgment at the plea hearing that he had possessed the crack cocaine with the intent to deliver it. (Plea Hr'g Tr., ECF No. 2-6, PageID.80.)

Petitioner proffers no newly discovered evidence of his innocence. But the Sixth Circuit has stated that "'new evidence' need not be newly discovered evidence . . . but simply may be 'evidence that was not presented to the fact finder during trial, i.e., newly presented evidence.'" *Aldridge v. Phillips*, 714 F. App'x 562, 563–64 (6th Cir. 2017) (quoting *Cleveland v. Bradshaw*, 693 F.3d 626, 633 (6th Cir. 2012)). Whether newly discovered or newly presented, "it is not enough that a petitioner shows that a reasonable doubt exists as to his guilt in light of the new evidence; rather, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id*. at 563 (quoting *Schlup*, 513 U.S. at 327). Petitioner's ten years after-the-fact representation that the "dealer quantity" drugs he possessed were for his personal use is not particularly compelling given the fact that Petitioner was passing a small item to another man in an area known for the sale of drugs when the police

---

[2] Petitioner attaches to his brief an excerpt from his presentence investigation report. In that excerpt, the agent describes the quantity of crack cocaine found in a plastic baggie stashed in Petitioner's anus was 5.36 grams, a "dealer amount" and "much more than a user would possess." (ECF No. 2-4, PageID.68.) Moreover, the agent notes that Petitioner was initially spotted in an area "where the street sale of drugs is conducted" and Petitioner was handing something small to another male that [Petitioner] was standing near." (*Id*.)

7

encountered him. Put differently, based upon the petition and supporting materials, Petitioner has failed to show that it is more likely than not that no reasonable juror would have convicted him.

## Conclusion

For all of the reasons stated above, the petition appears to be time-barred. The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:   December 30, 2025                         /s/ Robert J. Jonker
                                                                                   Robert J. Jonker
                                                                                   United States District Judge